IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN HERNANDEZ and SARA HERNANDEZ, individually and as natural parents and next friends of R.J.H., a minor,<br><br>                Plaintiffs,<br><br>vs.<br><br>WADE SHOWS, INC; WG WADE SHOWS, INC.; OKLAHOMA STATE FAIR, INC.; and DON HANKINS, et al.,<br><br>                Defendants. | No. CIV-13-1085-C |

## **MEMORANDUM OPINION AND ORDER**

On January 15, 2015, the Court conducted a hearing to address the numerous discovery motions filed with the Court. Counsel for both Plaintiffs and Defendants were present. The Court's rulings on the discovery motions are set forth in a separate Order (Dkt. No. 163). Many, if not all, of the motions addressed were unnecessary and were the direct result of the actions of Plaintiffs' counsel, George Kanelopoulos, Jr., and Jimmie A. Franklin. Based on the statements of Plaintiffs' counsel, the Court determined that Franklin—who the Court sanctioned in a previous case—was responsible for the content filed on behalf of Plaintiffs, subject to the supervision of Kanelopoulos. The Court provided notice of its intent to impose sanctions against Kanelopoulos and Franklin at the hearing. The Court will impose those sanctions unless Kanelopoulos and Franklin can show cause to the contrary.

When a party's, or counsel's, actions threaten the Court's mandate to promote justice and judicial efficiency, sanctions are the tools the Court may use to "preserve the dignity of

the legal process." Tom v. S.B., Inc., 280 F.R.D. 603, 610 (D.N.M. 2012). "To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987). 28 U.S.C. § 1927 permits a court to require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court finds that this statute more than applies to Plaintiffs' counsel.

Kanelopoulos and Franklin filed an Amended Complaint (Dkt. No. 48) on April 26, 2014, and added 29 defendants. Plaintiffs' counsel have failed to show proof of service upon any defendant and did not attempt to show cause for the failure. In light of the overall conduct of Plaintiffs' counsel, the Court finds the 29 defendants were added for no purpose other than harassment. During discovery, Plaintiffs' counsel issued 34 unenforceable subpoenas to individuals all over the country. (Pls.' Notices, Dkt. Nos. 107, 111 & 112.) The subpoenas not only seek a large amount of information that is so far outside the timing and scope of the incident at issue as to be obviously irrelevant, but ten of the subpoenas contain the unredacted birth date and Social Security number of one of the Defendants in violation of Fed. R. Civ. P. 5.2. In further attempts to make the discovery process difficult, Plaintiffs' counsel tried to force Defendants to obtain Plaintiff R.J.H.'s medical records by subpoena, rather than sign a medical release, and then declined to cooperate in the execution of the subpoenas. In addition, Plaintiffs' counsel has attempted to circumvent the procedural requirements of Fed. R. Civ. P.

26(a)(2)(b)-(c) by improperly characterizing expert witnesses as treating physicians and by providing identical testimony summaries for 17 treating physicians. Plaintiffs' counsel has otherwise attempted to impede the efficiency of the judicial process by responding in briefs to issues not raised, citing irrelevant case law, and filing redacted briefs that are illegible.

The conduct of Plaintiffs' counsel has resulted in numerous unnecessary filings and evidences an intent to make litigation so difficult that Defendants would be forced to settle. Such abusive use of the legal process threatens the Court's mandate to promote justice and judicial efficiency. Thus, the Court believes that sanctions are appropriate pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 37, and in the Court's inherent authority to sanction for bad-faith conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) (holding that a federal court may "resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct"). Plaintiffs' counsel should fairly bear the excess costs, expenses, and attorneys' fees reasonably incurred by Defendants as a result of the conduct listed in this Order.

Accordingly, the Court orders George Kanelopoulos, Jr., and Jimmie A. Franklin to file a brief within five days of the date of this Order and show cause as to why the Court should not impose sanctions in the form of costs and attorneys' fees incurred as a result of the filing of the motions decided at the hearing.

IT IS SO ORDERED this 16th day of January, 2015.

ROBIN J. CAUTHRON
United States District Judge